# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONYALE NAURICE GEORGE,<br><br>    Petitioner,<br><br>    v.<br><br>L.S. MCEWEN, Warden,<br><br>    Respondent. | Case No. ED CV 13-0439 VAP (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

    Petitioner's Objections generally reiterate the arguments made in the Petition, and lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief amplification here. In his Objections, Petitioner contends that he is entitled to equitable tolling because of prison lockdowns from February 18, 2012 through July 18, 2012, which restricted his access to the law library, and because he is a layman at the law. (Obj. at 2-3.) Petitioner is mistaken.

    First, as courts routinely recognize, prison lockdowns and restricted access to the law library do not generally qualify as extraordinary circumstances that warrant the granting of equitable tolling. *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330

(W.D.N.Y. 2005); *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("[L]ockdowns [and] restricted access to the law library . . . do not qualify as extraordinary circumstances."). Moreover, it is Petitioner's burden to establish equitable tolling, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and he fails to show how his restricted access to the law library made it *impossible* for him to timely file a federal habeas petition. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Indeed, the lockdowns at issue here were temporary and, moreover, do not appear to have impacted all inmates equally. (Obj. at 6-16.) Nor does Petitioner explain why he failed to file a federal habeas petition in the many months immediately *after* the lockdowns and *before* the expiration of his statutory limitation period. (*Id.*)

Second, with respect to Petitioner's ignorance of the law, it is well established that a petitioner's *pro se* status and lack of legal knowledge or training are insufficient to warrant the granting of equitable tolling. *See, e.g.*, *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling[]"); *Herrera v. Butler*, 2004 WL 1729927, at *2 (N.D. Cal. July 22, 2004), *aff'd*, 184 Fed. Appx. 648 (9th Cir. 2006); *Singletary v. Newland*, 2001 WL 1220738, at * 2 (N.D. Cal. Sept. 28, 2001) ("A misunderstanding of the complexities of federal habeas relief is not considered an extraordinary circumstance[.]"). State prisoner habeas petitions are routinely filed on a *pro se* basis. Thus, to allow equitable tolling based on the fact that most prisoners do not have legal knowledge or training would create a loophole that would wholly negate the intent and effect of the AEDPA limitation period.

Accordingly, **IT IS ORDERED THAT**: (1) The Report and Recommendation is approved and accepted; (2) Judgment be entered denying the Petition and dismissing this action with prejudice; and (3) The Clerk serve copies of this Order on the parties.

/ / /

/ / /

Additionally, for the reasons stated in the Report and Recommendation, the

1  Court finds that Petitioner has not made a substantial showing of the denial of a
2  constitutional right.  *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v.*
3  *Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
4  The Court thus declines to issue a certificate of appealability.

6  DATED: _October 17, 2013__

                                                HON. VIRGINIA A. PHILLIPS
                                                UNITED STATES DISTRICT JUDGE